IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, ) ) ) Plaintiff and ) Counter-Defendant, ) ) v. ) ) ANTHONY THOMAS, ) ) Defendant and ) Counter-Claimant, ) ) v. ) ) WELLS FARGO BANK, N.A., ) ) Counter-Defendant. ) | CIVIL ACTION NO. 2:16cv742-MHT (WO) |

OPINION AND ORDER

This matter is before the court on defendant Anthony Thomas's motion to add Wells Fargo Bank, N.A., as a party.  Federal Rule of Civil Procedure 14(h) provides for joinder of additional parties to a crossclaim or counterclaim, by application of the required and permissive joinder rules.  <u>See</u> Fed. R. Civ. P. 19 & 20.  Defendant filed a document labelled "Third Party Crossclaims" (doc. no. 1-4) setting forth

his claims against Wells Fargo, and Wells Fargo filed an answer to the document without objecting to its joinder as a party. Furthermore, counsel for plaintiff Federal Home Loan Mortgage Corporation and Wells Fargo has confirmed verbally that they do not oppose the motion. Therefore, the court assumes that joinder is permissible under the rules, and will grant the motion the motion to add Wells Fargo as a party.

However, the court will add Wells Fargo as a counter-defendant, not a cross-defendant. While defendant labelled the claims against Wells Fargo as 'third party crossclaims,' defendant's claims against Wells Fargo are not crossclaims under the Federal Rules of Civil Procedure.* See 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed.) ("Clearly, a crossclaim may not be

---

     * It is not clear to the court whether any of these claims are properly called 'third-party' claims under the Federal Rules, or whether such a designation would have any impact on the case. The Federal Rules of Civil Procedure define third-party claims as those brought by a defendant "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). In any case, the parties are free to argue in an objection that the claims against Wells Fargo should be considered third-party claims.

asserted against a party on the opposite side of the action.[] A claim of this type is a counterclaim and is governed by Rule 13(a) or Rule 13(b) depending on whether it is compulsory or permissive.[]" (footnotes omitted)). Furthermore, with one exception, defendant's claims against Wells Fargo are the same as his counterclaims against plaintiff.[†] Accordingly, the court will refer to defendant's claims against Wells Fargo as counterclaims.

***

Accordingly, it is ORDERED that:

(1) The motion to add Wells Fargo (doc. no. 1-3) is granted.

(2) Wells Fargo is added as a counter-defendant.

---

[†] One of defendant's claims--wrongful foreclosure--was brought against Wells Fargo but not plaintiff. However, Federal Rule of Civil Procedure 18(a) provides that a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." The court views the wrongful-disclosure claim as properly joined pursuant to this rule.

    **(3) Should the parties disagree with the designation of Wells Fargo as a counter-defendant, they must object within seven days of the date of this order.**

    **DONE, this the 13th day of February, 2017.**

                                              /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**