IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Case No. 2:16-cv-742-MHT-WC |
| ANTHONY THOMAS, | ) ) | |
| Defendant/Counter-Plaintiff | ) ) | |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., | ) ) | |
| Counter-Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 13, 2017, Defendant/Counter-Plaintiff Anthony Thomas ("Thomas") filed a Motion for Preliminary Injunction (Doc. 21) to enjoin Plaintiff/Counter-Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and Counter-Defendant Wells Fargo Bank, N.A., ("Wells Fargo") from disposing of certain property belonging to Thomas that was collected from a home that is the subject of the underlying wrongful foreclosure claim against Wells Fargo.  Doc. 21 at 1-2.  Thomas further requests that the court direct Freddie Mac and Wells Fargo "to either return the property to him, still being liable for damage and loss of use of the property, or to continue to store the property at their expense until this lawsuit has been resolved."  *Id*. at 2.

On February 13, 2017, the undersigned entered an Order (Doc. 26) directing Freddie Mac and Wells Fargo to show cause, if any there be, as to why the motion should not be granted.  On February 21, 2017, Freddie Mac and Wells Fargo responded, arguing that the court should deny the motion for preliminary injunction for at least two reasons.  *See generally* Doc. 27.  First, Freddie Mac and Wells Fargo argue that Thomas has failed to show a substantial likelihood of success on the merits of his claims; that he will suffer irreparable injury without the injunction; that his injury outweighs any injuries to Wells Fargo and Freddie Mac; and that the injunction would not be adverse to the public interest. *Id*. at 2-3.  Second, Freddie Mac and Wells Fargo argue that Thomas has failed to provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" as required by Federal Rule of Civil Procedure 65(c). *Id*. at 3.  Thus, Freddie Mac and Wells Fargo ask the court to deny Thomas's motion. *Id*. at 4.  Alternatively, Freddie Mac and Wells Fargo request that, should the court grant the preliminary injunction, the court "require Thomas to post security in the amount that it costs [Freddie Mac and Wells Fargo] to maintain [Thomas's] personal property or deliver it to Thomas." *Id*.

## I.  Discussion

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163,

1176 (11th Cir. 2000) (citing *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998)).   In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion'" as to each of the four prerequisites.   *McDonald's Corp.*, 146 F.3d at 1306 (internal citation omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and plaintiff must clearly carry the burden of persuasion).

### A.   Substantial Likelihood of Success on the Merits

Plaintiff has three remaining claims in this case.   Against Freddie Mac, Thomas has state-law claims for conversion and negligence.   Against Wells Fargo, Thomas has state-law claims for conversion, negligence, and wrongful foreclosure.   In a previously filed partial motion to dismiss, Wells Fargo moved to dismiss Thomas's wrongful foreclosure claim, *see* Mot. (Doc. 5), which the court denied, *see* Judgment (Doc. 25).   Neither Freddie Mac nor Wells Fargo moved to dismiss Thomas's conversion or negligence claims in their previous motion to dismiss.   *See generally* Doc. 5.

In this current matter before the court, Thomas's motion for preliminary injunction does not provide any argument or any facts as to why he believes he has a substantial likelihood of success on the merits of his remaining claims.[1]   To the extent that Thomas may be relying on the survival of his claims past the motion to dismiss stage in litigation, such reliance is misplaced.   Importantly, just because Thomas's wrongful foreclosure claim

---

[1] Indeed, the motion is completely devoid of any statements that can be interpreted as an attempt to show a likelihood of success on the merits of the remaining claims.

has filtered through the motion to dismiss strainer does not mean that he has, or that the court may infer, a substantial likelihood of success on the merits of that claim. Similarly, just because Freddie Mac and Wells Fargo did not file a motion to dismiss Thomas's conversion and negligence claims does not mean that Thomas is likely to succeed on the merits of those claims, or that the court can infer such success. Thus, Thomas has clearly failed to satisfy his burden that he is likely to succeed on the merits of his remaining claims against Freddie Mac and Wells Fargo. As such, Thomas's request for a preliminary injunction should be denied. *See United States v. Jefferson Cty.,* 720 F.2d 1511, 1519 (11th Cir. 1983) (noting that failure to sustain the burden of persuasion as to any one of the elements for a preliminary injunction will cause the motion to be denied).

### B. Irreparable Harm

Assuming *arguendo* that Thomas did satisfy his burden of showing a substantial likelihood of success on the merits of his claims, he has also failed to show that he will be irreparably harmed if the preliminary injunction does not issue.

A showing of irreparable injury is "'the *sine qua non* of injunctive relief.'" *Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler,* 573 F.2d 1026, 1027 (8th Cir. 1978)); *see also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931 (1975) ("The traditional standard for granting a preliminary injunction requires the plaintiff to show that in the absence of its issuance he will suffer irreparable injury."); *Siegel,* 234 F.3d at 1179 ("[P]roof of irreparable injury is an indispensable prerequisite to a preliminary injunction. . . ."). Even if a movant establishes a likelihood of success on the merits of his claims, the absence of a substantial

likelihood of irreparable injury, standing alone, makes preliminary injunctive relief improper. *Siegel,* 234 F.3d at 1176; *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.,* 909 F.2d 480, 486 (11th Cir. 1990) (affirming denial of preliminary injunction even though the plaintiff established likelihood of prevailing on the merits because the plaintiff failed to meet burden of proving irreparable injury); *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir. 1983) (affirming denial of preliminary injunction and stating that a plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm"). The asserted irreparable injury "must be neither remote nor speculative, but actual and imminent." *City of Jacksonville,* 896 F.2d at 1285 (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 973 (2d Cir. 1989)).

Thomas's motion states that "counsel for Freddie Mac and Wells Fargo had *implied* [in an email to Thomas's counsel] that Thomas had 3 weeks to pick up his property or it would be disposed of[.]" Doc. 21 at 2 (emphasis added). Thomas attached the email between counsel for the court's review. *See* Doc. 21-1. The email from counsel for Freddie Mac and Wells Fargo states, in its entirety:

> Stephen,
>
> I am following up Mr. Thomas' retrieval of certain personal property removed from the house. This property is being stored at
>
> Patriot Mini Storage –
> 19982 Highway 11 in Woodstock, AL 35188 @ 205-938-5100
>
> Please have Mr. Thomas inspect this property, and make arrangements to take possession of his property and his mother's estate's property. Please let us know when Mr. Thomas has made inspected this property, and taken possession of what he determines is his or the Estates. We would like this inspection to occur in the next two weeks, but in no event

more than 3 weeks.  Wells Fargo is paying storage related charges.  Let us know if this time frame will be a problem.

>    We are still evaluating how to proceed on this case.

>    Thanks,
>    Keith

Doc. 21-2 at 1-2 (as appearing in original).  Counsel for Thomas then replied, in relevant part:

>    Mr. Andress:

>    Your client illegally took my client's property, and is apparently storing it at a storage facility 80 miles away.  Your client apparently expects my client to pick up the property, at his expense, thereby possibly losing his conversion claim.

>    My client is not going to do this. . . .

>    *You seemed to imply* in your email that my client has 3 weeks to pick up his property, or it would be disposed of.  This property is the subject of my client's conversion claim against your client, and as such, it would be a poor choice on your client's part to dispose of the property.

>    I will be looking for a reply to this email this week.  If I do not receive one, I will *assume* that you plan to proceed with your indicated course of action.  I will file an injunction with the court to prevent you from disposing of the property.

*Id*. at 1 (emphasis added).

Neither Thomas's motion for preliminary injunction nor the email attached provide anything other than conjecture that Thomas's property will be destroyed by Freddie Mac or Wells Fargo.  Unfortunately for Thomas, his speculation as to such is simply insufficient to show that he will be irreparably harmed if the preliminary injunction does not issue.  Thus, because Thomas has failed to satisfy the undersigned that he will be irreparably

harmed if the injunction does not issue, Thomas's motion for a preliminary injunction should be denied. [2]

## II.    Conclusion

For the reasons specified above, the Magistrate Judge RECOMMENDS that Thomas's Motion for Preliminary Injunction (Doc. 21) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 14, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] Because Thomas failed to satisfy his burden as to this element, the undersigned will not evaluate whether the threatened injury to Thomas without the injunction outweighs the potential damage to Freddie Mac and Wells Fargo with the injunction.  Nor will the undersigned evaluate whether the issuance of the injunction would not be adverse to the public interest.

DONE this 28th day of February, 2017.


/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE